UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN ABDUL GILBERT,

                Petitioner,

   v.

STEPHEN SINCLAIR, *et al.*,

               Respondents.

Case No. C20-6199-RJB-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Kevin Gilbert is a state prisoner who is currently confined at the Clallam Bay Corrections Center in Clallam Bay, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2006 judgment and sentence of the King County Superior Court. Petitioner has previously filed three other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter, and the prior petitions filed by Petitioner, concludes that the instant petition is a second or successive petition over which this Court lacks jurisdiction, and that the petition should therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

### A. Second or Successive Petition

Petitioner filed the instant federal habeas petition in December 2020. (*See* Dkt. ## 1, 4.) The petition relates to the judgment and sentence entered under King County Superior Court Case Number 02-1-06083-4 on January 3, 2006. (Dkt. # 4-1, Exs. A, B.) Petitioner asserts in his petition that his current restraint pursuant to the referenced judgment is unconstitutional because the warrant authorizing his transfer from King County into the custody of the Washington Department of Corrections, issued by the King County Superior Court on February 2, 2006, was not properly executed. (*See* Dkt. # 4 at 1-2; Dkt. # 4-1, Ex. A.)

Petitioner filed a federal habeas petition challenging the same 2006 King County Superior Court judgment and sentence in March 2009. *See Gilbert v. State of Washington*, C09-363-RAJ. Petitioner subsequently moved to withdraw that petition, apparently because he had yet to exhaust his state court remedies. *See id*., Dkt. # 6. Petitioner's motion was granted and the action was dismissed without prejudice. *See id*., Dkt. # 7. Petitioner filed a second petition challenging his 2006 King County Superior Court judgement in June 2009. *See Gilbert v. Sinclair*, C09-757-JCC. That petition was denied on the merits and the action was dismissed with prejudice in December 2009. *See id*., Dkt. ## 18-19. Petitioner filed a third petition challenging the same judgment and sentence in June 2011. *See Gilbert v. Glebe*, C11-1056-JCC. That petition was determined to be second or successive and was transferred to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.

The fact that Petitioner had a previous federal habeas petition challenging the judgment at issue here dismissed with prejudice renders the instant petition a second or successive one for

REPORT AND RECOMMENDATION
PAGE - 2

purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. §2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition. Accordingly, this Court lacks jurisdiction over the petition.

### B. Statute of Limitations

The Court notes as well that even if Petitioner were able to overcome the successive petition bar, it appears that the instant petition is likely time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period starts to run from "the date on which the judgment of conviction becomes final." *Id*. Petitioner's conviction became final in 2008 following the conclusion of direct review. Nothing in the record suggests that Petitioner would be entitled to any tolling of the limitations period sufficient to render the instant petition timely.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that

REPORT AND RECOMMENDATION
PAGE - 3

petitioner is not entitled to a certificate of appealability with respect to the claim asserted in his petition for writ of habeas corpus.

### III. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 4) be dismissed for lack of jurisdiction and that a certificate of appealability be denied. This Court further recommends that Petitioner's motion for preliminary injunction (dkt. # 5) be stricken as moot. A proposed order accompanies this Report and Recommendation.

### IV. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 19, 2021**.

DATED this 27th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge